Jonathan H. Feinberg
Attorney I.D. No. 01376-2001 (NJ)
KAIRYS, RUDOVSKY, MESSING & FEINBERG LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
(215) 925-4400
(215) 925-5365 (fax)
jfeinberg@krlawphila.com
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANTHONY STRAZZULLO,** | : | |
| | : | **No. _____** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **COMPLAINT AND JURY DEMAND** |
| | : | |
| **GLOUCESTER COUNTY;** | : | |
| **CORRECTIONAL SERGEANT CORA;** | : | |
| **CORRECTIONAL SERGEANT HARRIS;** | : | |
| **CORRECTIONAL SERGEANT YAMATA;** | : | |
| **CORRECTIONAL OFFICER AUSTIN;** | : | |
| **CORRECTIONAL OFFICER PIO;** | : | |
| **CORRECTIONAL OFFICER TULL;** | : | |
| **JOHN DOE(S),** | : | |
| | : | |
| **Defendants** | : | |

1.      This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of the defendant correctional supervisors and officers at the Gloucester County Correctional Facility who, without provocation or justification, brutally assaulted Plaintiff Anthony Strazzullo while he was held in their custody.

2.      As a result of the assault, Mr. Strazzullo suffered serious injuries to his pancreas, spleen and liver.  Following the assault, Mr. Strazzullo was required to undergo two surgical procedures during which his spleen and a section of his pancreas were removed.

3.      Mr. Strazzullo brings this action to seek compensation from the defendant officers for the physical and mental injuries they caused.  Further, because the extreme misconduct of the defendant officers gives rise to the inference that the defendant officers have not been properly trained, supervised or disciplined and/or that the defendant officers were acting pursuant to a policy, practice or custom, Mr. Strazzullo brings claims against Gloucester County.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

5.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because the events giving rise to the claims at issue occurred within the district.

## PARTIES

6.      Plaintiff Anthony Strazzullo, who is 27 years old, was at all times relevant to this Complaint a resident of Deptford, New Jersey.

7.      Defendant Gloucester County is a municipal government entity in the State of New Jersey, which manages and oversees the Gloucester County Department of Correctional Services, which, in turn, manages, oversees and operates the Gloucester County Correctional Facility in Woodbury, New Jersey.

8.      At all times relevant to this Complaint, defendant Correctional Sergeant Cora was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

9.      At all times relevant to this Complaint, defendant Correctional Sergeant Harris was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

10.     At all times relevant to this Complaint, defendant Correctional Sergeant Yamata was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

11.     At all times relevant to this Complaint, defendant Correctional Officer Austin was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

12.     At all times relevant to this Complaint, defendant Correctional Officer Pio was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

13.     At all times relevant to this Complaint, defendant Correctional Officer Tull was employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He is sued in his individual capacity.

14.     At all times relevant to this Complaint, defendant John Doe(s) was/were employed by Gloucester County and assigned to work at the Gloucester County Correctional Facility.  He/they is/are sued in his/their individual capacity(ies).

15.     At all times relevant to this Complaint, all defendants acted under color of state law.

16.     At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

**FACTS**

17.     On or about June 1, 2011, Plaintiff Anthony Strazzullo was arrested by the Barrington Police Department in Barrington, New Jersey for failure to make a payment on a traffic violation.

18.     On or about June 4, 2011, plaintiff was transferred to and admitted as a prisoner at the Gloucester County Correctional Facility due to a warrant for a minor Municipal Court charge.

19.     At the time of his arrest and incarceration, plaintiff was addicted to heroin.

20.     Upon his admission to the Gloucester County Correctional Facility, plaintiff received no treatment to address his ongoing heroin detoxification.

21.     During the admission process in the receiving area at Gloucester County Correctional Facility, plaintiff went to an unmonitored medical cart and, without authorization, took several pills that he believed to be the prescription drug Klonopin.

22.     Plaintiff took the pills because he believed they would ease his detoxification.

23.     After going through the admission process, plaintiff was assigned to a cell in general population.

24.     On the evening of June 5, 2011, defendant Correctional Officer Pio and defendant Officer Doe(s) came to plaintiff's cell, forcibly removed him from the cell and escorted him to the receiving area.

25.     In the receiving area, defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s) (hereinafter "defendant officers") threw plaintiff into a shower area and proceeded to assault him.

26.     During the assault, the defendant officers repeatedly yelled at plaintiff that he had stolen drugs from the medical cart the day before during the admission process.

27.     During the assault, the defendant officers repeatedly punched and kicked plaintiff in the abdominal area.

4

28.     Plaintiff did nothing to provoke the use of force by the defendant officers and the use of force by the defendant officers was not applied in a good faith attempt to maintain or restore discipline.

29.     The defendant officers' use of force against plaintiff was malicious and sadistic and such force was used in order to cause harm to plaintiff.

30.     To the extent any of the defendant officers did not punch, kick or otherwise assault plaintiff, those defendant officers failed to intervene to protect plaintiff from the unlawful use of force by the other defendant officers.

31.     The defendant officers returned plaintiff to his cell and left him there.  Plaintiff was in severe pain and traumatized.

32.     In the early morning hours of June 6, 2011, the defendant officers returned to plaintiff's cell.

33.     The defendant officers told plaintiff that they had watched video surveillance of him taking pills from the medical cart during the admissions process.

34.     Plaintiff acknowledged to the officers that he had taken the pills.

35.     The defendant officers searched plaintiff's cell and then forcibly removed plaintiff from the cell.

36.     The defendant officers took plaintiff back to the same shower room in the receiving area where they had previously assaulted him.

37.     In the shower area, the defendant officers strip searched plaintiff and, once again, assaulted him by punching him in the ribs and face.

38.     As with the previous assault, plaintiff did nothing to provoke the use of force by the defendant officers and the use of force by the defendant officers was not applied in a good faith attempt to maintain or restore discipline.

39.     As with the previous assault, the defendant officers' use of force against plaintiff was malicious and sadistic and such force was used in order to cause harm to plaintiff.

40.     As with the previous assault, to the extent any of the defendant officers did not punch, kick or otherwise assault plaintiff, those defendant officers failed to intervene to protect plaintiff from the unlawful use of force by the other defendant officers.

41.     After the assault, defendants Yamata and Tull returned plaintiff to his cell; while doing so these defendants threatened plaintiff that if he reported the assault or sought medical attention they would assault him again on their next shift.

42.     Throughout the day of June 6, 2011, plaintiff had extraordinary pain in his abdominal area.

43.     On the evening of June 6, 2011, plaintiff asked a correctional officer to escort him to the medical unit.

44.     Plaintiff was taken to the medical unit in the early morning hours of June 7, 2011.

45.     While at the medical unit, plaintiff observed that a correctional officer was monitoring his conversation with medical staff.

46.     Because plaintiff feared that the correctional officer would advise the defendant officers that plaintiff had complained of the assault and that the defendant officers would retaliate against him for reporting the assault, plaintiff informed medical staff that he suffered his injuries due to a fall from his bunk.

47.     Plaintiff was given pills for pain relief and told that he would have an X-ray later that same day.

48.     Before the X-ray was taken, however, on the morning of June 7, 2011, plaintiff was taken to court where he was ordered released from custody on his own recognizance.

49.     Plaintiff left custody on the evening of June 7, 2011 and went to the home of a friend who had agreed to host him.

50.     Because plaintiff remained in extraordinary pain, in the early morning hours of June 8, 2011, plaintiff called for an ambulance.

51.     Plaintiff was transported by ambulance to Cooper University Hospital in Camden, New Jersey, and was admitted to the hospital.

52.     Plaintiff was diagnosed with a lacerated spleen, a lacerated pancreas, and a lacerated liver.

53.     Physicians at Cooper University Hospital performed surgery on plaintiff to remove his spleen and a large portion of his pancreas.

54.     Plaintiff remained hospitalized for twenty-eight days until his discharge on July 6, 2012.

55.     Plaintiff is not presently incarcerated.

56.     At all times relevant to this Complaint, the conduct of the defendant officers was in willful, reckless and callous disregard of plaintiff's rights under federal and state law.

57.     Based on the extreme misconduct of defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s) as described above, upon information and belief, defendant Gloucester County has failed to properly train, supervise and/or discipline these defendants with regard to proper correctional practices.

58.     As a direct and proximate result of the conduct of all defendants, plaintiff suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, and financial losses.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s)
### Federal Constitutional Claims

59.     The actions of defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s) violated plaintiff's right under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment and/or plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of law.

### Count II
### Plaintiff v. Defendant Gloucester County
### Federal Constitutional Claims

60.     The violations of plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant Gloucester County, which has encouraged, tolerated, ratified and has been deliberately indifferent to the following policies, patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a.   The use of force by correctional officers;

    b.   The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

8

c.  The failure to identify and take remedial or disciplinary action against correctional officers who were the subject of prior complaints of misconduct;

d.  Correctional officers' use of their status as correctional officers to employ the use of force or to achieve ends not reasonably related to their duties;

e.  The failure of correctional officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented by this case;

f.  The failure to properly sanction or discipline officers who are aware of and conceal and/or aid and abet violations of constitutional rights of inmates by other correctional officers; and

**Count III**
**Plaintiff v. Defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s)**
**New Jersey Civil Rights Act**

61.     The actions of defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s), as described above, violated plaintiff's privileges or immunities secured by the Constitution or laws of the United States, and/or plaintiff's substantive rights, privileges or immunities secured by the Constitution or laws of the State of New Jersey, and, as such, defendants are liable to plaintiff under the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6–2(c).

**Count IV**
**Plaintiff v. Defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s)**
**New Jersey Tort Claims Act**

62.     The actions of defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s), as described above, constitute the torts of assault and battery as defined under the laws of the State of New Jersey, and, as such, these defendants are liable to plaintiff under the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.*

63.     Plaintiff submitted to Gloucester County a timely Notice of Tort Claim on July 26, 2011 and submitted a timely supplement to that Notice on September 1, 2011.  Plaintiff's claim was denied by notice dated January 27, 2012.

**Wherefore**, plaintiff respectfully requests:

A.      Compensatory damages as to all defendants;

B.      Punitive damages as to defendants Cora, Harris, Yamata, Austin, Pio, Tull and Doe(s);

C.      Reasonable attorneys' fees and costs as to all defendants;

D.      Such other and further relief as may appear just and appropriate.

Plaintiff hereby demands a jury trial.

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
Attorney I.D. No. 01376-2001 (NJ)
Kairys, Rudovsky, Messing & Feinberg LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA  19106
215-925-4400
215-925-5365 (fax)
jfeinberg@krlawphila.com

*Counsel for Plaintiff*


        I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg